Haywood, Justice
In England, an action will lie fop an escupe on mesne process, whether the escape he voluntary or negligent; for there, when the Sheriff tuts taken the body, he must produce it, or return a bail bond ; and if he has him not at. the day assigned by the v rit,he fails in liis duty : but here, the Sheriff may if he pleases, pet mit the party to go at large, and become his special bail under the act of 11"77. ch. 2, sec. 16 &7S — so that here perhaps, ' it is riot an escape subjecting the Sheriff to an action, if lie has not ihe body at the day. The Plaintiff may consider the Sheriff as bail, and the Defendant in his custody, and proceed to judgment ; Whereas iri England, the Plaintiff cannot proceed in such case to judgment. If the Sheriff is to be considered as bail when lie returns an arrest wiihout a bail bond, and has not. the party in prison, then he may surrender the Defendant at any time before final judgment against himself as bail upon a sci. fa.— which he cannot do if ari action for escape, lies against him. In England, a voluntary permission to go at large, will make a recaption by the Sheriff unlawful — here, it will riot. The Sheriff is considered as bail, and perhaps may retake him for the purpose of making a surrender. Upon these considerations, it is possible that the action for an escape, where it i's permitted by the Sheriff, is not 'the proper action ; biit that he ought to be proceeded against as bail by sd. fa: Perhaps this escape may have been effected by force and violence, under such circumstances as t« make it a rescous, and then the Sheriff is not liable by any law. Ibis true, he has returned simply, tha't the prisoner escaped ; but. as he must have known, that a negligent or voluntary escape would not excuse him, he probably intended to have icturoed a rescous.— An opinion was given by some of th- present Judges, not long ago at Halifax, that a Sheriff upon a negligent escape, might be considered as bail. I wish to consider of the case before I give my judgment — I wish it to be specially stated.
It was so stated accordingly, and afterwards in this term was argued by Duffy for the Sheriff, and Taylor for the Plaintiff; and the court gave judgment for the Plaintiff, saying, the returning an escape excludes, tiie supposition of the Sheriff’s having become bail — though Mr. Duffy strongly insisted, that the Plaintiff by proceeding to judgment as he had done in the County Court, had thereby admitted, notwithstanding the return, that the *561 Defendant was in court, which could not. otherwise be, than by his returning to prison after the return, or by being considera! .is hailed by the Sheriff. To which if was answered e contra, flint the. judgment is erroneous for that cause, but is to be. considered as a good judgment {ill reversed.
JioTja.— Vide Swepson v. Whitaker, and the note thereto, ante 224.